IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES LINDSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 08-0028-CV-W-DW |
| JOHN F. WOOD, | ) ) |
| Defendant. | ) ) |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). For the following reasons, the motion is denied and the case dismissed.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must immediately also decide whether the action must be dismissed because it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), fails to state a claim upon which relief may be granted, § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, § 1915(e)(2)(B)(iii). See Stewart, 691 F.2d at 857.

Title 28 U.S.C. § 1915(a)(1) provides that a court may "authorize the commencement...of any suit...without prepayment of fees or security therefor, by a person who submits an affidavit...that the person is unable to pay such fees or give security therefor." In analyzing the plaintiff's economic status, the Court is guided by Local Rule 83.7's admonition that court fees

and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status is incomplete, unsigned and not notarized. The affidavit indicates that Plaintiff is employed by the United States Government as a confidential informant and has a monthly income of approximately $577. Plaintiff apparently has no other employment, cash on hand, or other assets. Plaintiff claims to have received money within the past 12 months from "rent, interest or dividend payments" and "social security benefits," but has failed to describe these sources or identify the amounts received. Finally, Plaintiff fails to identify *any* expenses or other financial obligations. Therefore, based on the filed affidavit, the Court cannot say whether Plaintiff's economic status qualifies him to proceed *in forma pauperis*.

In addition to examining the Plaintiff's financial status, the Court must decide the second prong of the Martin-Trigona test – i.e., whether this action must be dismissed because it is frivolous or malicious, fails to state a claim, or demands money damages of an immune defendant. 28 U.S.C. § 1915. Plaintiff's Complaint (Attachment #1 to Doc. 1) and Proposed Amended Complaint (Doc. 4) purport to present an antitrust claim against the United States for the conduct of certain unnamed undercover law enforcement officers. After review of these pleadings, the Court has concluded that Plaintiff has presented nothing more than a nonsensical amalgam of various legal terms and vague factual allegations. The Court finds that Plaintiff's Complaint and proposed Amended Complaint fail to state a claim upon which relief can be granted because it appears that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Therefore, the Court finds that dismissal of Plaintiff's Complaint and

proposed Amended Complaint is proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the Court ORDERS that

1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is DENIED and this action is DISMISSED without prejudice.

2) The Clerk of the Court deliver a copy of this Order to Plaintiff—via certified mail, return receipt requested—at his last known address.

Date: February 20., 2008

/s/ Dean Whipple
Dean Whipple
United States District Judge

3